# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**SIDNEY MARTS,**

        **Petitioner,**

**v.**                                                    **Case No. 3:17cv651-LC/CAS**

**JULIE JONES, Secretary,**
**Florida Department of Corrections,**

        **Respondent.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

On August 22, 2017, Petitioner Sidney Marts filed a pro se petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Petitioner

challenges a disciplinary report (DR) and the loss of thirty (30) days of gain

time imposed by the Florida Department of Corrections (DOC) on August 1,

2017.  *Id*.  *See* Ex. B at 2.[1]  On April 16, 2018, Respondent filed a motion to

dismiss the § 2254 petition for failure to exhaust all available state court

remedies.  ECF No. 8.  Petitioner filed a reply on May 1, 2018.  ECF No.

11.

The matter was referred to the undersigned magistrate judge for

report and recommendation pursuant to 28 U.S.C. § 636 and Northern

---

[1] Hereinafter, all citations to the state court record, "Ex.-," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 8.

District of Florida Local Rule 72.2 (B).  After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter.  *See* Rule 8 (a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the pleadings and attachments before the Court show that the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (allowing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## PROCEDURAL HISTORY & BACKGROUND

Respondent filed a motion to dismiss Petitioner's § 2254 petition for failure to exhaust all available state court remedies prior to seeking federal habeas review.  ECF No. 8.  Respondent claims Petitioner did not file a petition for writ of mandamus to challenge his disciplinary report in any state court and, therefore, Petitioner has not exhausted the available state court remedies as required by U.S.C. § 2254(b).  *Id.* at 5.  Petitioner contends state court relief was unavailable due to court orders preventing him from filing pro se actions concerning his criminal case.  ECF No 1.

Petitioner is an inmate in the Florida DOC, serving a sixteen-year prison sentence pursuant to a 2007 conviction in Case No. 2007-CF-06067A in the First Judicial Circuit Court in Escambia County.  Ex. A at 1.

As a result, Petitioner filed numerous state post-conviction motions challenging the validity of his conviction and judgment, which prompted the disciplinary proceedings that are the subject of this petition.

On May 2, 2013, the state trial court issued an order prohibiting Petitioner from filing pro se motions.  Ex. B at 17.  The court explained Petitioner was prohibited from filing "in this Court in this matter unless said pleadings are reviewed and signed by an attorney" because Petitioner had "persisted in filing repetitious motions, despite having been cautioned regarding such filing."  *Id.*  Petitioner had previously been barred from filing pro se motions in the First District Court of Appeal (DCA) and was warned "any future filings which violate the terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures."  Marts v. State, 59 So. 3d 136 (Fla. 1st DCA 2011).

On January 26, 2017, in response to Petitioner's pro se petition for Writ of Mandamus filed on November 18, 2016, the state trial court in Escambia County directed the Clerk of Court to "file and maintain the document in the record without further response from the Court."  Ex. B at 14.  On July 21, 2017, the state court denied another pro se motion filed by Petitioner.  *Id.* at 9.  The state court found that Petitioner had continued to file frivolous, successive motions and "abuse[d] the process," and

forwarded a copy of the order to the Florida DOC "for consideration of sanctions under section 944.279." *Id.* at 2, 9.

On August 1, 2017, in response to the state trial court's order, the DOC charged Petitioner with a DR for filing frivolous motions in accordance with section 944.279 (1). *Id.* at 2; *see* Fla. Admin. Code R. 33-601.314 (9-32); § 944.279 (1) Fla. Stat. (2016) ("A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court … or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections.").

The DOC started an investigation regarding the disciplinary report. Ex. B at 4. Petitioner "refused to participate" and did not provide a statement, witnesses, or evidence for the hearing. *Id.* at 5-8. Petitioner did not sign any of the necessary forms for the proceeding. *Id.* On August 3, 2017, the DOC held a disciplinary hearing. The disciplinary hearing team found Petitioner guilty of filing frivolous claims in the state trial court. *Id.* at 3. Petitioner received fifteen (15) days of disciplinary confinement, fifteen (15) days of probation, and lost thirty (30) days of gain time. *Id.*

On August 3, 2017, Petitioner filed a grievance regarding the state trial court's decision to request that DOC impose sanctions on Petitioner. Ex C. at 2.  Petitioner amended the grievance on August 7, 2017.  *Id.* at 11.

On August 16, 2017, the Warden denied Petitioner's request for administrative remedy because the "Department acted within the scope of its rules [and Petitioner's] disciplinary report remains legitimate."  *Id.* at 8. On August 21, 2017, Petitioner filed an appeal from the warden's denial of Petitioner's request for administrative remedy.  *Id.* at 9.  On August 30, 2017, the Warden denied Petitioner's administrative appeal.  *Id.* at 10.  On August 29, 2017, Petitioner had filed an amendment to his appeal.  *Id.* at 18.  On September 8, 2017, the Warden denied the amended administrative appeal because Petitioner had not "provided [the warden's office] with a copy of the formal grievance filed at the institutional level as required."  *Id.* at 19.  Petitioner did not file any petition in the state circuit court to review his disciplinary report.  *See* ECF No. 1, 11.  On August 22, 2017, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.

## ANALYSIS

Petitioner has filed a pro se petition for writ of habeas corpus under Title 28, United States Code, section 2254.  *Id.*  Pursuant to the

Antiterrorism and Effective Death Penalty Act (AEDPA) "an application for a writ of habeas corpus … shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A).  Prior to filing a federal habeas petition, a state prisoner "must give the State the 'opportunity to … correct alleged violations of its prisoners' federal rights.'"  Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (971)).  The prisoner must exhaust "all other remedies, including administrative remedies" before filing a federal petition for habeas corpus. Williams v. McDonough, No. 4:06cv142-WS 2007 WL 3046748 (N.D. Fla. Oct. 18, 2007).  Petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Respondent acknowledges that Petitioner "exhausted his administrative remedies by filing a series of grievances challenging the DR hearing team's decision through the inmate grievance process."  ECF No. 8 at 3.  Respondent asserts, however, Petitioner's § 2254 petition should be

dismissed because Petitioner failed to exhaust available state court remedies. *Id.*

Petitioner, in his § 2254 petition and his reply to Respondent's motion to dismiss, does not claim to have filed a petition in any state court challenging the disciplinary report or loss of gain time that resulted from the DR. *See* ECF Nos. 1, 11. Petitioner admits that he did not pursue state remedies, but contends state exhaustion was "unavailable" due to the "sanction order … [which] prohibits review of issue in state circuit, intermediate appellate and Florida Supreme Courts." ECF No. 1 at 5.

Petitioner's claim that state exhaustion was unavailable is not supported by the record. First, although Petitioner was prohibited from filing pro se motions in the state trial court in Escambia County and in the First DCA in Case No. 2007-CF-06067A, he was not prohibited from filing pro se petitions in either court challenging the DOC's disciplinary actions. *See* Ex. B at 17; Marts v. State, 59 So. 3d 136 (Fla. 1st DCA 2011).

In its order prohibiting future pro se filings, the state trial court specifically found "that [Petitioner] … should be barred from future *pro se* filings *in the instant case*" and prohibited Petitioner from filing "in this Court in this matter" unless his petitions were reviewed by a licensed attorney. Ex. B at 17 (emphasis added). The state trial court did not bar Petitioner

from filing entirely, but specifically "in this matter," referring to Case No. 2007-CF-06067A.  *Id.*  In <u>Marts v. State</u>, the First DCA explicitly states, "[Petitioner] is barred from future pro se filings concerning Escambia County Circuit Court case number 2007-CF-6067."  59 So. 3d at 137 (Fla. 1st DCA 2011).  Therefore, Petitioner had the opportunity to file a petition challenging his DR and its resulting sanctions in the state trial court as well as the First DCA.

Second, Petitioner was not barred from filing a Petition for Writ of Mandamus in the Circuit Court in Leon County, the proper venue and proper petition for appealing from DOC disciplinary actions.  *See* <u>Bush v. State</u>, 945 So. 2d 1207, 1211-13 (Fla. 2006) ("Thus, under both section 47.011 and the home venue privilege, the circuit court in Leon County is the proper venue for such cases if the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release.").  Petitioner has not alleged that he has been barred from filing pro se petitions in the Circuit Court in Leon County.

Therefore, Petitioner has not shown that he did not have the opportunity to file a petition in the appropriate state court and, thus, he could have exhausted his state remedies prior to filing his § 2254 petition in

Case 3:17-cv-00651-LC-CAS    Document 12    Filed 07/13/18    Page 9 of 10

Page **9** of **10**

this Court.  For the reasons stated above, the § 2254 petition (ECF No. 1) should be dismissed for lack of exhaustion.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 472, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections this Report and Recommendation.

Case No. 3:17cv651-LC/CAS

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## RECOMMENDATION

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 8, be **GRANTED**, Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 13, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**